# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAVID ROBERT BENTZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–1213−MJR |
| | ) | |
| **WEXFORD HEALTH SOURCES,** | ) | |
| **FURLOW,** | ) | |
| **MULHOLLAND,** | ) | |
| **D. GROSS,** | ) | |
| **K. ALLSUP,** | ) | |
| **M. SIDDIQUI,** | ) | |
| **MIKE MCCLURE,** | ) | |
| **MEARS,** | ) | |
| **MAUE,** | ) | |
| **SHAW,** | ) | |
| **MIKE MOLDENHAUER,** | ) | |
| **J. LASHBROOK,** | ) | |
| **DEDE SHORT,** | ) | |
| **ALEX JONES,** | ) | |
| **JASON WALLER,** | ) | |
| **HOLDENER,** | ) | |
| **JOHN DOE 2,** | ) | |
| **JANE DOE 5,** | ) | |
| **JANE DOE 6,** | ) | |
| **JANE DOE 7, and** | ) | |
| **JANE DOE 9** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, an inmate at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff originally brought his claim as

part of Case No. 18-cv-1064-DRH-RJD, filed on May 4, 2018. On June 7, 2018, the Court determined that Plaintiff had stated a viable Eighth Amendment deliberate indifference claim based on the medical treatment Plaintiff received and/or failed to receive for his broken left ring finger and aggravated neck injury between July 29, 2017 and March 30, 2018. (Doc. 1, pp. 17-21). However, the Court further determined that the claim was improperly joined, and severed it into this action. (Doc. 1, pp. 29-30). Accordingly, this case was opened on June 7, 2018. As the Court has already reviewed the merits of the claim pursuant to 28 U.S.C. § 1915A, there is nothing left to do but order service pursuant to Fed. R. Civ. P. 4(c)(3) and refer the case to a Magistrate Judge. The Magistrate Judge assigned to this case is directed to promptly review the preliminary injunction pending at Doc. 7.

## DISPOSITION

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Wexford Health Sources, Furlow, Mulholland, Gross, Allsup, Siddiqui, McClure, Mears, Maue, Shaw, Moldenhauer, Lashbrook, Short, Jones, Waller, and Holdener: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is

**ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 24, 2018**

**s/ MICHAEL J. REAGAN**
**District Judge**
**United States District Court**