UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID ROBERT BENTZ, )
 )
        Plaintiff, )
 )
vs. ) Case No. 18-1213-MJR-GCS
 )
WEXFORD HEALTH SOURCES, et al., )
 )
        Defendants. )

ORDER

SISON, Magistrate Judge:

This matter is before the Court on Plaintiff's Motion for Documents and Docket Sheet(s), and to Stay Each Action Individually Pending Remedy of Issues (Doc. 35), Plaintiff's Motion to Strike Exhibits from Complaint (Doc. 36), Plaintiff's Motion for Appointment of Counsel (Doc. 56), and Plaintiff's Motion for Documents and Docket Sheet(s), and Extension of any Deadlines (Doc. 60). The Court rules as follows:

1. **Plaintiff's Motion for Documents and Docket Sheet(s), and to Stay Each Action Individually Pending Remedy of Issues (Doc. 35).**

Plaintiff complains that he is not receiving all filings in this action as well as other filings in numerous actions filed in this Court. Plaintiff asserts that the Clerk of Court is failing to mail filings because he is not part of the e-filing system. Plaintiff asks the Court for docketing statements in each of his pending actions to be sent via

certified mail and also e-filed. Plaintiff also asks that the Court set a hearing and stay the deadlines in this action until this issue is resolved.

Plaintiff's Motion is **DENIED**. Plaintiff has provided no particularized argument to support his speculation that he is not receiving documents in this case. Indeed, Plaintiff fails to point to any filing he believes he has not received. Moreover, any request for a stay of the deadlines in this matter is premature as no scheduling order has been entered. Finally, the Court notes that General Order 15-05 entered on November 5, 2015, does not require the Clerk of Court to mail copies of all filings. Rather, the institutional law library staff at Plaintiff's facility can print off notices of electronic filings and, for court issued documents, the entirety of the same. To the extent that Plaintiff is having issues with his institution, he should address it with the personnel at his facility.

2.  **Plaintiff's Motion to Strike Exhibits from Complaint (Doc. 36).**

Plaintiff asks the Court to strike the exhibits submitted in support of his complaint as Defendants dispute the authenticity of the same and have "threatened" him with a motion for sanctions. Defendants filed a response to Plaintiff's motion indicating that while they do not object to the striking of the exhibits, they want to provide background to the Court concerning Plaintiff's motion (Doc. 39). Defendants explain that in review of Plaintiff's complaint they discovered that Plaintiff forged Counselor Allsup's response to a grievance at Doc. 2, page 58. Defendant Allsup, as well as Menard Correctional Center Investigations Unit staff, confirmed that the

handwriting and signature in her supposed response does not match her actual handwriting or signature. Defendants assert that Allsup's actual response to this grievance is found at Doc. 2, pgs. 106 & 109. Defendants explain that after this forgery was discovered counsel sent Plaintiff a Rule 11 letter and a proposed motion for sanctions on August 1, 2018. Plaintiff filed the motion now before the Court seeking to correct the improper conduct.

Plaintiff's motion to strike is **GRANTED**. The Clerk of Court is directed to **STRIKE** the exhibits attached to Plaintiff's complaint. Plaintiff is **WARNED** that any misrepresentations made to the Court may be met with sanctions, up to and including dismissal of this action.

3. Plaintiff's Motion for Appointment of Counsel (Doc. 56).

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention or whether he has been effectively prevented from doing so. *See Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the

difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *See Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has met his threshold burden by showing that he has made reasonable, albeit unsuccessful attempts to recruit counsel. However, the Court finds that Plaintiff appears competent to litigate this matter at this time. Plaintiff is well-known to this Court, having filed dozens of civil rights actions during the past four years. Plaintiff is well-versed in court procedures and, as demonstrated by his filings in this matter, he is able to articulate clearly and effectively. Plaintiff indicates that an attorney is needed to assist with discovery as this case is complex and will likely require expert witnesses. Although Plaintiff's concerns are noted, this case is in its initial stages. For these reasons, Plaintiff's motion for appointment of counsel is **DENIED**.

4. **Plaintiff's Motion for Documents and Docket Sheet(s), and Extension of any Deadlines (Doc. 60).**

Plaintiff's request for copies of documents is **DENIED** based on his failure to specify, in writing, exactly which documents he wants and to provide pre-payment of

the fee for copies to the Clerk of the Court. As a general rule, the Clerk of the Court will mail paper copies of any document only after receiving a written request for specific documents along with prepayment of the required fee. To assist Plaintiff, the Clerk of the Court is **DIRECTED** to provide him with a copy of the public docket sheet. Insofar as Plaintiff asks the Court to direct officials at Menard to rectify issues he is having with receiving documents, Plaintiff's request is **DENIED**. The Court is not inclined to interfere with the operations of Menard and Plaintiff should address his concerns at the institutional level.

IT IS SO ORDERDED.

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2019.01.10 13:44:48 -06'00'

Gilbert C. Sison
United States Magistrate Judge