IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID ROBERT BENTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WEXFORD HEALTH SOURCES, | ) | |
| JASON FURLOW, | ) | |
| MULHOLLAND, | ) | |
| DEAN GROSS, | ) | |
| KRISTA ALLSUP, | ) | |
| M. SIDDIQUI, | ) | |
| MIKE MACIURA, | ) | Case No. 18-cv-1213-MJR-MAB |
| ERIN MEARS-ATTIG, | ) | |
| KELLY MAUE, | ) | |
| DOCTOR SHAW, | ) | |
| MIKE MOLDENHAUER, | ) | |
| JACQUELINE LASHBROOK, | ) | |
| MARDEANE SHORT, | ) | |
| ALEX JONES, | ) | |
| JASON WALLER, | ) | |
| SGT. DAVID HOLDER, | ) | |
| JOHN DOE 2, | ) | |
| JANE DOE 5, | ) | |
| JANE DOE 6, | ) | |
| JANE DOE 7, | ) | |
| JANE DOE 9, | ) | |

Defendants.

# MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

## I. Introduction

Now before the Court is Magistrate Judge Mark Beatty's Report and Recommendation (R&R) on Plaintiff's Motions for a Preliminary Injunction (Docs. 7, 27, 69). The underlying suit is a civil rights complaint by inmate David Bentz against various individuals at Menard Correctional Center ("Menard") concerning alleged deliberate indifference to his medical needs for finger and neck injuries (Doc. 2). This case was severed from Plaintiff's original complaint because the Court determined that there were two distinct groups of claims—those for deliberate indifference to medical conditions, and those from harassment and retaliation by prison officials (Doc. 2. At 28-29). Because the original complaint contained requests for injunctive relief, a motion for preliminary injunction was docketed when this matter was opened (Doc. 3). Plaintiff filed a joint request for injunctive relief in both matters (Doc. 7). Subsequently, Plaintiff filed another request for injunctive relief about a month and a half after this case was opened (Doc. 27). Magistrate Judge Beatty prepared an R&R addressing both claims and gave the parties 14 days to object (Doc. 69). Bentz filed a timely objection, so the matter is now ripe for the undersigned's consideration (Doc. 72).

## II. Facts

The original complaint that was severed into two cases was 159-pages long (Doc. 2). A single page of the complaint requested that the court "immediately arrange for plaintiff to receive pain meds and muscle relaxers and to diagnose neck issues and address finger issues." (Doc. 2 at 34). At the time this case was severed, the screening order noted that the substance of the injunctive request was likely not sufficient to warrant injunctive relief, but that it would be docketed as a placeholder in the new case (Doc. 1 at 31).

In the first request for injunctive relief docketed in this new case, Bentz talks at great length about retaliation by "Allsup" (Doc. 7 at 1-3). He alleges that Allsup knowingly and intentionally takes continual steps to retaliate against him for existing legal actions and to deter him from future actions (*Id.*). He acknowledges that his civil filing was split into two actions, but he does not tie his discussion of Allsup directly to his medical conditions (*Id.*). He just unequivocally asserts that the request for injunctive relief applies to both matters (*Id.*).

In his second request for injunctive relief, Bentz focuses solely on the amount of supplies he receives each month to correspond regarding legal matters (Doc. 27). He alleges that with only approximately one pen, ten pages of paper, and a limited supply of envelopes, he is unable to adequately pursue his 15, or more, cases in federal courts (*Id.*). The motion bears a caption with 15 case numbers (*Id.*).

Magistrate Judge Beatty addressed these requests for injunctive relief via a written R&R without holding an evidentiary hearing (Doc. 69). He recommends that any requests pertaining to Bentz's medical condition be denied because there is scant information about the exact nature of injunctive relief required, and the medical condition or needs may have changed (Doc. 69 at 4-5). He surmises that the lack of information about the medical condition or an explanation as to how Bentz may suffer imminent or irreparable harm causes the request for injunctive relief to fail (*Id.*). As to the allegations about Allsup or the access to legal writing supplies, he concludes that the issues are not related to the suit before the Court, and thus cannot warrant injunctive relief in this particular case (*Id.* at 5). Thus, Magistrate Judge Beatty recommends that the requests for injunctive relief be denied (*Id.*).

Bentz's objection to the R&R does not supply new information on his medical condition, beyond an assertion that the allegations regarding medical care in the complaint have not changed (Doc. 72 at 1). Because Magistrate Judge Beatty is not a medical expert, Bentz argues that he should not have been required to submit updated information on his condition, and Magistrate Judge Beatty should not be able to conclude that conditions do not warrant a medical injunction of sorts (*Id.*).

III. **Applicable Law**

Timely objections having been filed, the Court undertakes *de novo* review of the portions to the Report to which Plaintiff specifically objected. **28 U.S.C. § 636(b)(1); FED.**

**R. CIV. P. 72(b); SDIL-LR 73.1(b).** The undersigned can accept, reject, or modify Magistrate Judge Beatty's recommendations, receive further evidence, or recommit the matter with instructions. *Id.* As the review of the motion for preliminary injunction is *de novo*, the Court conducts an "independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion," and "is free, and encouraged, to consider all of the available information about the case when making this independent decision." *Mendez v. Republic Bank*, **725 F.3d 651, 661 (7th Cir. 2013).**

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* **520 U.S. 968, 972 (1997) (emphasis in original).** *Accord Winter v. Natural Res. Def. Council, Inc.*, **555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right") (citation omitted).** To secure a preliminary injunction, the movant must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm without the injunction, (3) that the harm he would suffer is greater than the harm a preliminary injunction would inflict on defendants, and (4) that the injunction is in the public interest. *Judge v. Quinn*, **612 F.3d 537, 546 (7th Cir. 2010) (citing *Winter*, 555 U.S. at 20).** The "considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted." *Judge*, **612 F.3d at 546. (citation omitted).**

In the context of prisoner litigation, there are further restrictions on the Court's remedial power. The scope of the court's authority to enter an injunction in the corrections context is circumscribed by the Prison Litigation Reform Act (PLRA). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." **18 U.S.C. § 3626(a)(2).** *See also Westefer*, **682 F.3d at 683 ("[T]he PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage.") (internal quotation marks and citation omitted).**

The Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, **130 F.3d 293, 295 (7th Cir. 1997).** Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. ***Id.* (***citing Jordan v. Wolke***, 593 F.2d 772, 774 (7th Cir. 1978); and *W.A. Mack, Inc. v. Gen. Motors Corp.*, 260 F.2d 886, 890 (7th Cir. 1958)).**

IV. **Analysis**

In this matter there is no freestanding request for injunctive relief regarding Bentz's medical condition of a broken finger or aggravated neck injury (*See* Docs. 7, 27). Nevertheless, in screening the initial complaint, the Court found it appropriate to docket, via text entry, a mention of injunctive relief because Bentz made references to it in his complaint (Doc. 1 at 31, Doc. 3). Subsequently, Bentz did file two supplemental motions for injunctive relief regarding Allsup and legal materials (Docs. 7, 27). These two motions demonstrate that he understands that requests for injunctive relief can, and perhaps should, be brought as freestanding requests. It is difficult, if not impossible, for this Court to discern the exact parameters of potential injunctive relief from his initial 159-page complaint. In fact, the complaint is so long and verbose, it is a wonder the initial screening judge could discern any claims at all. The Court has already done Bentz a great favor by reducing his prolific filings to discrete legal claims, cognizable under Section 1983. The Court need not, and cannot go so far in the realm of injunctive relief. Injunctive relief is an extraordinary remedy, reserved for extreme circumstances.

In order to properly grant injunctive relief, especially in the prison setting, the Court must be able to reduce the directives to a very discrete subset of issues or actions. For example, if an inmate has a broken foot, he may ask for a cane and a low-bunk permit. The inmate would need to ultimately establish that he sought these items via normal channels and was unreasonably denied, but if this is established, injunctive relief may

issue. By contrast, a blanket request by the same inmate for a year-long supply of painkillers may be denied because it would be hard for the Court to know if medication of that nature would be required for the entire duration of a year to address the injury. Such a blanket request also does nothing for the requirement that an individual describe how injunctive relief would avoid irreparable or imminent injury.

Here, as to his medical condition, the initial conduct Bentz complained of spanned from July of 2017 to March of 2018. During that timeframe he alleges that he had a broken or fractured ring finger and that an old neck injury was reaggravated. The Order that severed this case from his original filing mentioned injunctive relief, but concluded that there was not updated medical information to warrant granting said relief (Doc. 1 at 31). The R&R by Magistrate Judge Beatty reached the same conclusion (Doc. 69). After reviewing the record, the undersigned agrees with these previous findings. The 159-page complaint is not sufficiently up-to-date, nor does it provide enough specific information about injunctive requests for this Court to craft an order of that nature. This is not to say that Bentz is precluded from seeking injunctive relief for his finger injury or his neck injury if those conditions persist. What the Court intends to convey is that it needs additional particularized information to craft such relief. A freestanding motion regarding the condition of Bentz's finger or neck would be entertained under the standards of Rule 65. However, medical injunctive relief cannot be granted on the record as it stands.

As to injunctive relief against Allsup for retaliation, Bentz discusses conduct by Allsup with a disciplinary ticket in June 2018. This post-dates the timeframe from his complaint (July 2017-March 2018) and it post-dates the initiation of this suit. It is well settled that a federal court cannot issue generalized opinions or orders on matters that do not affect the matter at issue in the case before it. *See e.g. Porco v. Trustees of Indian University,* **453 F.3d 390, 394 (7th Cir. 2006).** Here, although the retaliation may be tangentially related to the contents of this lawsuit, it clearly did not prevent the initiation of this suit, nor will it hinder its progress. Thus, there is no need for injunctive relief regarding Allsup in this case.

As for the claim about access to legal materials, injunctive relief will not issue for two reasons. First, Plaintiff does not appear to be hindered in his ability to pursue this matter because he has filed numerous documents in this matter in the last few months. The 159-page initiating complaint also tends to suggest his access to materials is not limited in regard to this matter. Thus, there is no indication that injunctive relief about materials in this case would prevent irreparable or imminent harm. Second, to the extent he is using resources on this case that he cannot then use on others, claims about no materials would need to be made in other cases that are specifically hurt, because the Court cannot issue relief for other cases in this case. It is true that the caption of the motion bears case numbers for all 15 cases before this Court, but the undersigned will not

craft universal injunctive relief for all matters because that would be too generalized for the vehicle of injunction. Accordingly, injunctive relief is not appropriate on this ground.

V.     Conclusion

For the reasons set forth above, the Court **ADOPTS** the proposed disposition to deny injunctive relief set forth in the Report and Recommendations (Doc. 69) over Plaintiff's objections (Doc. 72) on all grounds. Plaintiff's motions for injunctive relief are **DENIED**. (Docs. 3, 7, 27)

**IT IS SO ORDERED.**

DATED: March 15, 2019

*s/ Michael J. Reagan*
Michael J. Reagan
Chief Judge
United States District Court