IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAVID ROBERT BENTZ,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-1213-DWD |
| | ) | |
| **WEXFORD HEALTH SOURCES, INC., JASON FURLOW, JEFFREY MULHOLLAND, DEAN GROSS, KRISTA ALLSUP, MOHAMMAD SIDDIQUI, MIKE MACIURA, ERIN MEARS-ATTIG, KELLY MAUE, VIPIN SHAH, MIKE MOLDENHAUER, JACQUELINE LASHBROOK, MARDEANE SHORT, ALEX JONES, JASON WALLER, DAVID HOLDER, HEATHER MCGEE, and NICOLE MARSHALL,[1]** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER ADOPTING REPORT & RECOMMENDATIONS

**DUGAN, District Judge:**

Plaintiff David Robert Bentz alleges that Defendants, prison officials and healthcare providers at Menard Correctional Center, were deliberately indifferent to his

---

[1] The Clerk of Court shall CORRECT the docket sheet to reflect the full and complete spellings of the names of Defendants Wexford Health Sources, Inc., Jeffrey Mulholland, Mohammad Siddiqui, Vipin Shah, and David Holder.

medical needs between July 2017 and March 2018. Bentz's complaint included claims against five John/Jane Doe defendants. On October 16, 2018, the Court entered a trial practice schedule that allowed Bentz 90 days to identify the Doe defendants or, if he could not, to provide additional information to assist in identifying the John/Jane Does. Bentz was warned that the failure to do so in a timely manner would result in dismissal of these defendants. (Doc. 58).

On January 31, 2019, Bentz responded to the Court's order instructing that his complaint adequately describes the Doe defendants, John/Jane Does 2, 5, 6, 7, and 9. On February 22, 2019, the Court entered an order directing Bentz to provide additional information about John Doe 2 and directing the Warden of Menard to provide Bentz with additional information to assist in identifying John/Jane Does 5, 6, 7, and 9. After receiving the warden's information, Bentz was able to identify Jane Does 5 and 6, but he moved for additional time to identify John/Jane Does 2, 7, and 9. The Court extended the deadline for identifying the Doe defendants through April 22, 2019. Bentz again asked for additional time, and the Court extended the deadline through June 7, 2019, warning Bentz that the deadline would not be extended again.

Bentz did not identify the remaining Doe defendants by the June 7, 2019 deadline. On July 15, 2019, Plaintiff filed an additional motion seeking additional time to identify the Doe Defendants. (Doc. 113). On October 25, 2019, Magistrate Judge Mark A. Beatty issued a Report & Recommendations recommending that the Court deny Bentz's motion and dismiss the remaining Doe defendants. Objections to the Report & Recommendations were due by November 8, 2019, but no objections have been filed to date. As a result, the

undersigned need not conduct a de novo review of the Report & Recommendations. *See* 27 U.S.C. § 636(b)(1). Where no objections are made, the Court "reviews those unobjected portions for clear error." *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Here, Plaintiff was given several opportunities to identify the Doe defendants, and the deadlines for doing so were extended several times. The conclusion reached by Magistrate Judge Beatty that the Doe defendants should be dismissed is not clearly erroneous. The undersigned District Judge **ADOPTS** in its entirety the Report & Recommendations (Doc. 123) submitted by Magistrate Judge Beatty and **DENIES** Plaintiff David Robert Bentz's Motion to I.D. Does (Doc. 113).

**SO ORDERED.**

Dated: October 6, 2020

                                                          DAVID W. DUGAN
                                                          United States District Judge